STATE OF OREGON,
by and through
DIRECTOR OF THE DEPARTMENT OF
INSURANCE AND FINANCE,
*Appellant,*

*v.*

Harold BRIMHALL,
dba The Dalles Transmission Specialties,
*Respondent.*

(CC91-86; CA A74649)

860 P2d 884

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jay W. Beattie, Portland, argued the cause for respondent. With him on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DURHAM, J.

## DURHAM, J.

The Department of Insurance and Finance (DIF), appeals from a summary judgment for defendant and the denial of DIF's cross-motion for summary judgment on DIF's claim for costs of processing a non-compensable claim. We reverse.

A subject worker employed by defendant filed a claim for workers' compensation. ORS 656.017. DIF determined that defendant was a noncomplying employer, ORS 656.052, and referred the claim to SAIF, which initially accepted it. ORS 656.054(1). Defendant did not challenge the non-compliance determination, but requested a hearing on SAIF's acceptance. The referee and the Board determined that the claim was fraudulent. DIF reimbursed SAIF for the costs of processing and investigating the claim, and brought this action to recover those costs from defendant. ORS 656.054(3). In its motion for summary judgment, defendant argued that DIF may recover the administrative costs of processing a claim only if the claim is compensable.

The version of ORS 656.054 applicable to these proceedings provided, in part:

"(1) A compensable injury to a subject worker while in the employ of a noncomplying employer is compensable to the same extent as if the employer had complied with ORS 656.001 to 656.794. The director shall refer the claim for such injury to the State Accident Insurance Fund Corporation within 60 days of the date the director has notice of the claim. A claim for compensation made by such a worker shall be processed by the State Accident Insurance Fund Corporation in the same manner as a claim made by a worker employed by a carrier-insured employer * * *.

"* * * * *

"(3) In addition to, and not in lieu of, any civil penalties assessed pursuant to ORS 656.735, all costs to the Industrial Accident Fund of a claim processed under subsection (1) of this section shall be a liability of the noncomplying employer. Such costs include compensation, reasonable administrative costs and any attorney fees awarded to the claimant, but do not include assessments for reserves in the Insurance and Finance Fund. The director shall recover such costs from the employer. The director shall provide by regulation for the Insurance and Finance Fund to reimburse, on a periodic

basis, the Industrial Accident Fund for any costs it incurs under this section."[1]

The statute supports DIF's position that "all costs" of a claim processed under subsection (1) are a liability of the noncomplying employer. Recoverable costs are not limited to those attributable to a claim that is compensable. ORS 656.054(1) provides for the processing of every

> "claim for compensation made by such a [subject] worker [employed by a noncomplying employer] * * * in the same manner as a claim made by a worker employed by a carrier-insured employer * * *."

Processing a claim under ORS 656.054(1) includes determining whether the claim is compensable. The cost of investigating a claim to determine whether it is compensable is a liability of the non-complying employer even if, as here, the insurer later rejects it because it is fraudulent. Had the legislature intended to allow recovery only for costs incurred in the processing of compensable claims, it could have said so. *See* ORS 656.054(2); ORS 656.735(3) (limiting the imposition of civil penalties against a noncomplying employer to cases where the subject worker suffers a compensable injury).

DIF also assigns error to the denial of its cross-motion for summary judgment. Because genuine issues of material fact remain in connection with *that* motion, it was not error to deny it.

Reversed and remanded.

---

[1] ORS 656.054(1) has since been amended by Oregon Laws 1991, chapter 679, section 1.